UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

GREGORY RAGO,

                 Petitioner,                 REPORT AND RECOMMENDATION

      - against -

                                               04 Civ. 9699 (JSR) (RLE)

UNITED STATES OF AMERICA,

                 Respondent.

------------------------------------------------------------

**To the HONORABLE JED S. RAKOFF, U.S.D.J.:**

## I.  INTRODUCTION

On September 8, 2004, *pro se* petitioner, Gregory Rago ("Rago"), filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Petition Under 28 U.S.C. § 2255 ("Pet."). Rago claims that his sentence violates the Supreme Court's decisions in **Apprendi v. New Jersey**, 530 U.S. 466 (2000), and **Blakely v. Washington**, 542 U.S. 296 (2004). Memorandum of Law in Support of Motion Pursuant to 28 U.S.C. § 2255 ("Pet. Mem."), at 1. On September 17, 2003, Rago pled guilty to one count of committing a violent crime in aid of racketeering activity and one count of using a firearm, and was sentenced to 180 months in prison. **Id**. ¶¶ 2-4. For the following reasons, I recommend that the motion be **DISMISSED**.

## II.  BACKGROUND

On October 18, 2000, Rago was charged with various racketeering and racketeering conspiracy offenses, arising out of his role as an associate and a soldier in the Decavalcante Organized Crime Family of La Cosa Nostra ("Decavalcante Family"). March 5, 2007 Letter Brief from Miriam E. Rocah ("Opp'n Mem."), at 2. Rago was charged with assisting in the murder of Louis LaRasso, a member of the Decavalcante Family. **Id**. Rago's duties were to

provide back up for the shooter, wrap and dispose of LaRasso's body, and then leave LaRasso's car at the airport.  **Id**. at 2-3.  LaRasso disappeared on November 11, 1991, and his car was discovered abandoned at the airport.  **Id**. at 3.  His body was never found, but testimony of high ranking members of the Decavalcante Family confirmed that the murder had taken place.  **Id**.

On April 21, 2003, Rago pled guilty to participating in a conspiracy to murder LaRasso and intentionally and knowingly using and carrying, and causing another to use and carry, a firearm during and in relation to a crime of violence, namely the conspiracy to murder LaRasso. **Id**.  Rago's plea was pursuant to a signed plea agreement.  **Id**., Exh. A.  The parties stipulated that, for the first count, a base offense level of 43 was warranted because "the offense resulted in . . . LaRasso's death," and, for the second count, the term of imprisonment required by statute was 60 months consecutive to any other term of imprisonment.  **Id**., Exh. A. at 2.  Assuming Rago accepted responsibility at allocution, the parties agreed that a two-level reduction would be warranted.  **Id**., Exh. A. at 3.  Thus, under the terms of the plea agreement, the parties stipulated that the applicable offense level would be 41, which would have meant a range of 384 to 465 months' imprisonment.  **Id**.  However, because the statutory maximum term for the offenses Rago pled to was 180 months, the parties agreed this would be Rago's stipulated sentence.  **Id**. In accordance with this agreement, Rago was sentenced to 120 months' imprisonment on the first count, and 60 months' imprisonment on the second count to run consecutively.  **Id**. at 4.

### III.  DISCUSSION

**A. Claim that Sentence Violates the Sixth Amendment**

In his motion, Rago argues that his sentence should be vacated and remanded for an evidentiary hearing and resentencing because his sentence violates the Supreme Court's rulings

2

in **Apprendi v. New Jersey**, 530 U.S. 466 (2000), and **Blakely v. Washington**, 542 U.S. 296 (2004). Pet. Mem. at 1. He claims that his sentence was enhanced based on factual allegations not encompassed by the plea allocution, and, therefore, violated his Sixth Amendment right "by virtue of a fact finding   In opposition, respondent argues that Rago's sentencing claim should be denied because: (1) it was waived by his plea agreement, (2) he admitted in his plea agreement the facts underlying the enhancements he now claims violate his Sixth Amendment right; and (3) the relief he requests is not retroactive. Opp'n Mem. at. 4.

**1. Rago Has Waived His Right to Appeal**

Respondent argues that, at the time of his plea, Rago waived his right to file the instant motion and the waiver should be enforced because he alleges neither that his plea was not knowing and voluntary nor that he had ineffective assistance of counsel. **Id**. at 5. In his plea agreement, Rago agreed that he would "not file a direct appeal from, nor litigate under Title 28, United States Code, Section 2255 and/or 2241, any sentence within or below the Stipulated Guidelines Range set forth above (384 to 465 months)." Opp'n Mem., Exh. A at 4. Where a waiver of the right to appeal a sentence is voluntary and knowing, the waiver will not be invalidated. **United States v. Ready**, 82 F.3d 551, 556 (2d Cir. 1996). The record should "clearly demonstrate" those requirements, and in particular, show that a defendant fully understands the consequences. **Id**. at 557. Furthermore, "[w]here the record clearly demonstrates that the defendant's waiver of [his] right to appeal a sentence within an agreed Guidelines range was knowing and voluntary, that waiver is enforceable." **United States v. Monzon**, 359 F.3d 110, 116 (2d Cir. 2004). The Second Circuit has held explicitly that a waiver is enforceable against subsequent claims pursuant to **United States v. Booker**, 543 U.S. 220

3

(2005).  **United States v. Morgan**, 406 F.3d 135, 138 (2d Cir. 2005).

Here, the respondent did not provide the Court with a transcript of Rago's sentencing, which would presumably demonstrate that Rago was expressly advised that he was giving up his right to appeal his sentence if it fell below the specified range.  While the respondent did provide the Court with a copy of a signed plea agreement, the Court declines to base a finding that Rago made "the waiver knowingly, voluntarily, or competently" based on this alone.  **Formisano v. United States of America**, 2006 WL 963799, at *2 (S.D.N.Y. Apr. 13, 2006) (*citing* **United States v. Monzon**, 359 F.3d 110, 116 (2d Cir. 2004) and **United States v. Gomez-Perez**, 215 F.3d 315, 318 (2d Cir. 2000)).   Rago, however, has raised no issue concerning voluntariness or ineffective assistance of counsel.  Since the actual sentence imposed, 180 months, was below the stipulated range of 384 to 465 months, the waiver provision is effectuated.  Therefore, I recommend that the motion be **DISMISSED** on the ground that Rago waived the right to appeal.

**2.  Rago Stipulated to the Enhancement Fact In His Plea**

Respondent claims that Rago's petition should also be denied because there is no Sixth Amendment violation under **United States v. Booker** when the relevant facts on which the sentence is based are admitted by a defendant.  543 U.S. 220, 244 (2005).  Opp'n Mem. at 6.  Respondent claims that Rago's enhancement was based on the fact that LaRasso's death resulted from the murder conspiracy, and Rago stipulated to this fact in the plea agreement.  **Id**.  In sentencing, a court may rely on factual stipulations made by defendant, accepting them as true.  **United States v. Granik**, 386 F.3d 404, 411-13 (2d Cir. 2004); *see also* **Formisano**, 2006 WL 962799, at *3; **Kiene v. United States**, 2006 WL 3456308, at *3 (S.D.N.Y. Nov. 30, 2006).

While Rago claims that his sentence was enhanced based on factual allegations not

encompassed by the plea allocution, he does not identify those facts. Pet. Mem. at 1. He asks that he be resentenced without an enhancement pursuant to U.S.S.G. § 2A1.5(c)(1). Pet. Mem. at 3. Under the Sentencing Guidelines, this enhancement is applied when "the offense resulted in the death of a victim." U.S.S.G. § 2A1.5(c)(1). However, to the extent that the record demonstrates that the enhancement was based on the death of LaRasso, Rago has stipulated to this fact in the plea agreement, and his motion should also be **DISMISSED** on this ground.

### 3. The Cases Relied on by Petitioner are Not Applied Retroactively

Finally, respondent argues that, even if the petition were not denied on either of the above two grounds, the relief Rago seeks is not available on collateral review. Opp'n Mem. at 6 (*citing* **Guzman v. United States**, 404 F.3d 139, 141-42 (2d Cir. 2005)). The Second Circuit has explicitly held that **Booker** "does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005." **Guzman**, 404 F.3d at 144. Rago pled guilty on April 21, 2003, and was sentenced on September 18, 2003. Opp'n Mem. at 3-4. He did not pursue a direct appeal of his conviction, but filed the instant petition on November 8, 2004.[1] **Id**. The Second Circuit has held that, "for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires," which is ten (10) days after the judgment of conviction is entered. **Moshier v. United States**, 402 F.3d 116, 118-19 (2d Cir. 2005). Because Rago's conviction was final as of January 12, 2005, the relief afforded under **Booker** does not apply. Therefore, I recommend that the motion be **DISMISSED** on this ground as well.

---

[1] Rago's memorandum is dated September 4, 2004, but was recieved, along with his petition, by the *Pro Se* Office in this District on November 8, 2004.

5

## IV. CONCLUSION

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Jed S. Rakoff, 500 Pearl Street, Room 1340, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See* **Thomas v. Arn**, 474 U.S. 140, 150 (1985); **Small v. Secretary of Health and Human Services**, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(e).

**DATED: August 31, 2007**
**New York, New York**

Respectfully Submitted,

The Honorable Ronald L. Ellis
United States Magistrate Judge

Copies of this Report and Recommendation were sent to:
**Petitioner,** *pro se*
Gregory Rago
Reg. No. 49831-054
Federal Correctional Institution - Otisville
P.O. Box 1000
Otisville, New York 10963

**Respondent**
Miriam E. Rocah
Assistant United States Attorney
United States Attorney, Southern District of New York
One Saint Andrew's Plaza
New York, New York 10007